# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**KUSLER MASONRY, INC.,**

    Plaintiff,

v.                                                                     **Civil Action No. 2:09-CV-82**
                                                                                **(BAILEY)**

**TRAVELERS CASUALTY AND SURETY**
**COMPANY OF AMERICA,**

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Currently pending before the Court is the defendant's Motion to Dismiss [Doc. 23], filed October 30, 2009. Plaintiff responded on November 12, 2009, and the defendant replied on November 19, 2009. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the defendant's Motion to Dismiss should be **DENIED**.

## BACKGROUND

### I.    Factual Allegations

Plaintiff alleges the following facts in the challenged Complaint. On June 19, 2006, Steeb Crawford Construction Co, LLC ("Steeb") entered into an agreement with West Virginia University ("WVU") to perform general construction services in connection with the construction of the Jackson's Mill Fire Training Academy (the "Project"). On the same day, the defendant, Travelers Casualty and Surety Company of America ("Travelers"), issued a bond (the "Bond") on behalf of Steeb as principal. In issuing the Bond, Travelers agreed

1

to make payments to all claimants under the Bond for labor, materials, and equipment furnished for use in the Project.

On July 31, 2006, Steeb entered into a subcontract (the "Subcontract") with the plaintiff, Kusler Masonry Inc. ("Kusler" or the "plaintiff") pursuant to which Kusler agreed to perform certain labor and provide certain materials in connection with the Project. Kusler performed its work pursuant to the Subcontract in a good and workmanlike fashion. In addition, Kusler supplied materials and performed labor not covered by the Subcontract.

Steeb has failed to pay Kusler $85,785.59, the remaining amount due under the Subcontract. This failure to pay constitutes a material breach of the Subcontract, which results in damages amounting to the unpaid balance. Kusler has performed all conditions precedent to the right to assert a claim pursuant to the Bond, and all conditions precedent to the right to assert a claim have occurred. Pursuant to the Bond, therefore, Travelers is liable to Kusler for its claims and damages that were incurred in connection with the Project, namely the "[$]85,785.59 plus pre and post-judgment interest, costs, annoyance and inconvenience, attorney's fees and any other amounts this Honorable Court deems just and proper."

## II. <u>Procedural History</u>

On June 17, 2009, the plaintiff brought suit in the Circuit Court of Lewis County, West Virginia. The Complaint [Doc. 3-1], asserts a breach of the Subcontract. In support, the plaintiff attached two exhibits: (1) the Bond and (2) the Subcontract. On July 17, 2009, Travelers removed the above-styled action to the Northern District of West Virginia on the basis of diversity jurisdiction. [Doc.3].

On July 24, 2009, Travelers filed an Answer [Doc. 9], stating as an affirmative

defense, *inter alia*, that the plaintiff expressly released it from any and all obligations under the Bond. In support, Travelers attached as an exhibit the Affidavit, Release, and Assignment (the "Release"), dated April 23, 2008. The Release reflects a purported agreement that Steeb would pay Kusler $83,983.03 in consideration for its release of Steeb, as the principal, and Travelers, as the surety, "from all claims of any nature" concerning the Project.

On October 30, 2009, Travelers filed a Motion to Dismiss. [Doc. 23]. In its motion, the defendant argues that, in light of the Release, the plaintiff has failed to state a claim upon which relief may be can be granted. ([Doc. 23] at 3-4). Specifically, the Complaint should be dismissed because the plaintiff's claims "arise out of the same contract which is covered by the Bond and those described in the Release itself." (Id. at 4).

On November 12, 2009, the plaintiff filed its Response [Doc. 24], arguing first that the Motion to Dismiss should be denied based upon the sufficiency of the pleadings alone. (See [Doc. 24] at 5-6). In the alternative, the plaintiff contends that the Release is a document outside the pleadings, and thus, the Complaint should not be dismissed pursuant to Rule 12(b)(6). (See Id. at 6-7). Instead, viewing the motion as one for summary judgment, the Court should find that there exist genuine issues of material fact. (Id.). For example, the plaintiff asserts that the Release was actually "one of three documents sent simultaneously and contemporaneously to Plaintiff by Defendant's principal." (Id. at 6). Specifically, as the plaintiff contends it received a letter (the "Letter") [Doc. 24-1] from Travelers on April 23, 2008. The Letter included the Release, a Standard Subcontractor's Release, and a copy of the Final Waiver of Liens from the Subcontract. ([Doc. 24-1] at 2-5). According to the plaintiff, the Letter requested that the plaintiff execute a full release of

Travelers. ([Doc. 24] at 6). Instead, allegedly with Travelers' knowledge, the plaintiff modified the Letter to reflect an agreement between the parties that the release be partial, executed the release, and returned it to Travelers. (Id.).

On November 19, 2009, Travelers filed its Reply [Doc. 15], claiming initially that its reference to the Release does not require the Court to consider matters outside the Complaint, as the Release was attached as an exhibit to Travelers' Answer. ([Doc. 15] at 1). Next, Travelers addresses the plaintiff's claim that the Letter reflects merely a partial release. First, the letter was sent by R.E. Crawford Construction, Inc. ("R.E"), not Steeb. Second, the plaintiff unilaterally modified the agreement, as the Letter was not accepted or agreed to by Travelers. Third, this modification occurred on April 24, 2008, one day after the Release was executed. Fourth, the Letter makes no reference to Travelers and cannot be interpreted to have any effect on the unconditional release of Travelers by the plaintiff. Finally, the Letter's language only concerns release of the "contractor," as defined therein to include Steeb or R.E. (See Id. at 2). Under these circumstances, Travelers contends that the Release governs, and thus, the Complaint should be dismissed.

## DISCUSSION

### I. Standard

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). "[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved

in support of his claim." ***Johnson v. Mueller***, 415 F.2d 354 (4th Cir. 1969).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting Fed.R.Civ.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." ***Id.*** (internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." ***Ashcroft v. Iqbal***, — U.S. —, 129 S.Ct. 1937, 1949 (May 18, 2009)(internal quotations and citations omitted).

Additionally, a 12(b)(6) motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56(c) where "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). In this regard, the Fourth Circuit has stated that, "[i]n considering motions to dismiss under Rule 12(b)(6), [a] court may properly consider exhibits attached to the complaint[,]" without converting the motion into one for summary judgment. ***Smith v. McCarthy***, No. 09-6200, 2009 U.S. App. LEXIS 23861, at *9 (4th Cir. Oct. 28, 2009) (citing ***Fayetteville Investors v. Commercial Builders, Inc.***, 936 F.2d 1462, 1465 (4th Cir. 1991)). Moreover, the Fourth Circuit has held the same for documents attached to a defendant's motion to dismiss. *See e.g.,* ***Sec'y of State for Def. v. Trimble Navigation Ltd.***, 484 F.3d 700, 705 (4th Cir. 2007). However,

this latter category has been limited to cases in which: (1) the plaintiff selectively quotes a document in the complaint without providing its full context and (2) the defendant presents the document in its entirety.  See **CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.**, 566 F.3d 150, 156 (4th Cir. 2009).  Finally, when a plaintiff files an exhibit with his or her opposition to a motion to dismiss, he or she is on notice that the court will consider the evidence and convert the motion into summary judgment.  See **Mezu v. Morgan State Univ.**, 264 F.Supp.2d 292, 295 (D. Md. 2003) (citing **Gay v. Wall**, 761 F.2d 175, 177 (4th Cir. 1985) ("When a party is aware that material outside the pleadings is before the court, the party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment.")).

Here, in addition to the Complaint, the parties have presented to the Court four exhibits: (1) the Bond, (2) the Subcontract, (3) the Release, and (4) the Letter.  As stated above, with regard to the Bond and the Subcontract, the Court may consider these exhibits without converting the motion, as both were attached to the Complaint.  The Court may not consider the Release, however, without converting the motion because Travelers did not present the Release as countering any misrepresentation in the Complaint.  In fact, the Complaint did not mention the Release.  Finally, the Court may not consider the Letter without converting the motion because it was filed as an exhibit to the plaintiff's opposition to the motion to dismiss.

Therefore, to the extent that Travelers' Motion to Dismiss is based upon the Release, an exhibit attached to Travelers' Answer, and the plaintiff's Response is based upon the Letter, the Court must either convert the motion or exclude both exhibits.  In

6

consideration of the 12(b)(6) motion, the Court has elected to exclude the Release and the Letter, making a summary judgment standard inapplicable to the defendant's motion. *See* Fed. R. Civ. P. 12(d).

**II.     Analysis**

Travelers moves to dismiss Plaintiff's Complaint insofar as it alleges that Travelers, as surety to the Subcontract, is liable to the plaintiff based upon an allegation that Steeb breached the Subcontract by failing to pay the balance of the contract price. Specifically, Travelers argues that the plaintiff has released Travelers from any liability in connection to the Subcontract. However, in light of the Court's exclusion of the Release offered in support of this motion, the Court must agree with the plaintiff's argument that the Complaint sufficiently states a claim upon which relief can be granted and that a set of facts exist to support its claims against Travelers.

On this 12(b)(6) motion, the Court must consider the following factual allegations, *inter alia*, as true: (1) Travelers, as surety, issued a payment bond on behalf of Steeb as principal pursuant to which Travelers agreed to make payments to all claimants under the Bond for labor, materials, and equipment furnished for use in the performance of the Project; (2) Steeb, as general contractor, and the plaintiff, as subcontractor, entered into a subcontract pursuant to which the plaintiff agreed to perform certain labor and to provide certain materials in connection with the Project; (3) the plaintiff rendered its performance of the Subcontract; (4) Steeb has failed to pay the plaintiff the full Subcontract price; (5) the plaintiff has suffered damage as a result of this failure to pay; and (6) the Bond requires Travelers, as surety, to pay the plaintiff the remaining balance of the Subcontract price. As a result, this Court cannot find that "it appears to a certainty that the plaintiff would be

entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson*, 415 F.2d at 355. Accordingly, the Court finds that the Complaint survives this 12(b)(6) motion to dismiss. At the completion of discovery, however, it appears to the Court that the Release may provide a basis for summary judgment in this matter.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the defendant's Motion to Dismiss [Doc. 23] should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED**: December 16, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE